```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MELVIN E. WILLIAMS, II, and**
**CATHY WILLIAMS,**

        **Plaintiffs,**

**v.**                    //    CIVIL ACTION NO. 1:11CV60
                                    (Judge Keeley)

**SCHAUENBURG FLEXADUX CORPORATION,**
A Colorado Corporation

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

Before the Court are the plaintiffs' motion to amend their complaint and the defendant's three motions to dismiss the plaintiffs' complaint. For the reasons that follow, the Court **GRANTS** the plaintiffs' motion to amend their complaint (dkt. no. 17)**, DENIES AS MOOT** the defendant's motions to dismiss the complaint (dkt. no. 4) and the amended complaint (dkt. no. 10), and also **DENIES** the defendant's motion to dismiss the second amended complaint (dkt. no. 29).

### I.

The plaintiff, Melvin E. Williams, II ("Williams"), worked at a fiberglass duct manufacturing facility in Fairmont owned and operated by the defendant, Schauenburg Flexadux Corporation ("Schauenburg"). On March 24, 2010, while Williams was inserting a large rubber band into a piece of machinery, his hand became entangled in the equipment. Unable to reach the machine's control

**WILLIAMS v. SCHAUENBURG** 1:11CV60

**MEMORANDUM OPINION AND ORDER**

dial or power switch to turn the equipment off, Williams was pulled off the ground and thrown over the machine, fracturing the radius and ulna of his right arm in the process.

**II.**

The plaintiffs filed this action in the Circuit Court of Marion County, West Virginia, on March 25, 2011 and amended their complaint shortly thereafter. After being served with the original complaint, the defendant, Schauenburg, removed the case to this Court pursuant to 28 U.S.C. § 1332, based on diversity jurisdiction, and moved to dismiss the original and amended complaints.[1] The plaintiffs then moved to amend their complaint and filed a second amended complaint (dkt. no. 26), which, pursuant to Fed. R. Civ. P. 12(b)(6), Schauenburg then moved to dismiss for failure to state a claim.

**III.**

**A.**

For good cause shown, the Court **GRANTS** the plaintiffs' motion to amend their complaint (dkt. no. 17) and **DENIES AS MOOT**

---

[1] The plaintiffs' first amended complaint added Williams's supervisor, Kevin Cross ("Cross"), who immediately moved that he be dismissed for ineffective service of process. The plaintiffs did not oppose Cross's motion, and, at a scheduling conference on June 8, 2011, the Court granted Cross's motion and dismissed him from the case (dkt. no. 19). At the same hearing, the Court also scheduled a deadline for the parties in which they could move to amend their pleadings.

**WILLIAMS v. SCHAUENBURG** 1:11CV60

**MEMORANDUM OPINION AND ORDER**

Schauenburg's motions to dismiss the original complaint (dkt. no. 4) and the first amended complaint (dkt. no. 10).

The second amended complaint alleges three causes of action against Schauenburg: (1) deliberate intent, under W. Va. Code § 23-4-2(d)(2)(ii)(A)-(E); (2) products liability; and (3) loss of consortium. In its motion seeking to dismiss this complaint Schauenburg argues that West Virginia's Workers' Compensation Act, W. Va. Code §§ 23-2-6 and 23-4-2 (the "Act"), grants immunity to employers for workplace injuries, except for those injuries inflicted with "deliberate intention." It contends that the plaintiffs' complaint fails to plead deliberate intent because it alleges neither actual specific intent nor the five elements specified in W. Va. Code § 23-4-2(d)(2)(ii). Schauenburg also asserts that the plaintiffs' products liability and loss of consortium claims are contingent upon a finding of liability under the Act, and therefore fail as obvious attempts by the plaintiffs to circumvent the statutory immunity granted to Schauenburg.

**B.**

To survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient to state a plausible claim for relief. <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009); <u>Bell Atl. Corp. v. Twombly</u>,

**WILLIAMS v. SCHAUENBURG**                                              **1:11CV60**

**MEMORANDUM OPINION AND ORDER**

550 U.S. 544, 557 (2007). Although the Court must accept factual allegations in a complaint as true, it need not accept the plaintiffs' legal conclusions. <u>Francis v. Giacomelli</u>, 588 F.3d 186, 193 (4th Cir. 2009). With this standard in mind, the Court turns to whether the plaintiffs have adequately pled a claim of "deliberate intent."

### IV.

The West Virginia's Workers' Compensation Act generally immunizes covered employers from employee suits for "damages at common law or by statute" resulting from work-related injuries. W. Va. Code § 23-2-6. An employer loses this immunity, however, when it acts with "deliberate intention," <u>id.</u> § 23-4-2(d)(2), and an employee may file an action for damages in excess of workers' compensation benefits. <u>Id.</u> § 23-4-2(c).

### A.

Subsections (d)(2)(i) and (d)(2)(ii) of § 23-4-2 provide two distinct methods of proof by which a plaintiff may establish that an employer acted with "deliberate intention." Under (d)(2)(i), a plaintiff must show that the employer "acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee. This standard

**WILLIAMS v. SCHAUENBURG**                                                    **1:11CV60**

**MEMORANDUM OPINION AND ORDER**

requires a showing of an actual specific intent . . . ." Id. § 2(d)(2)(i).

Here, the plaintiffs have asserted their claim pursuant to the alternative subsection (d)(2)(ii), which requires the employee to prove five statutory elements in order to defeat employer immunity.[2] The Supreme Court of Appeals of West Virginia has held

---

[2] Specifically, an employee must prove:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result

**WILLIAMS v. SCHAUENBURG**                                              **1:11CV60**

**MEMORANDUM OPINION AND ORDER**

that "to establish 'deliberate intention' in an action brought pursuant to W. Va. Code § 23-4-2(d)(2)(ii), a plaintiff . . . must offer evidence to prove each of the five specific statutory requirements." Ramey v. Contractor Enters., Inc., 693 S.E.2d 789, 794 (W. Va. 2010) (internal citations omitted).

Schauenburg argues only that the plaintiffs failed to adequately plead the second of the five elements, which requires the employee to show:

> That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition.

W. Va. Code § 23-4-2(d)(2)(ii)(B). According to Schauenburg, the plaintiffs have failed to allege that it had "actual knowledge" of the existence of a specific unsafe working condition and its potential risks. See id.

**B.**

The Supreme Court of Appeals of West Virginia has described the "actual knowledge" standard as "a high threshold that cannot be successfully met by speculation or conjecture." Munmaw v. U.S. Silica Co., 511 S.E.2d 117, 123 (W. Va. 1998). Moreover, "[t]his

---

of the specific unsafe working condition.
§ 2(d)(2)(ii).

**WILLIAMS v. SCHAUENBURG**                                                         **1:11CV60**

**MEMORANDUM OPINION AND ORDER**

requirement is not satisfied merely by evidence that the employer reasonably should have known of the specific unsafe working condition and of the strong probability of serious injury or death presented by that condition." Id. "Instead, it must be shown that the employer actually possessed such knowledge." Id.

In support of its argument that the complaint fails to allege "actual knowledge" of an unsafe working condition, Schauenburg focuses exclusively on the wording of the complaint, contending that, because it used the words "subjective realization and appreciation" instead of "actual knowledge" to describe the defendant's awareness of an unsafe working condition the plaintiffs' claim fails. 2d Am. Compl. ¶¶ 12-13. Schauenburg bases this contention on the argument that the 2005 amendment to the Act, which replaced the words "subjective realization and appreciation" in § 2(d)(2)(ii)(B) with "actual knowledge," created a heightened standard no longer satisfied by pleadings of a "subjective realization and appreciation."

As Judge Copenhaver of the United States District Court for the Southern District of West Virginia recently pointed out, however, this amendment merely reflected our legislature's adoption of the state courts' existing interpretation of "subjective realization and appreciation":

**WILLIAMS v. SCHAUENBURG** 1:11CV60

**MEMORANDUM OPINION AND ORDER**

> The legislature amended § 23-4-2(d)(2)(ii)(B) in 2005, substituting the language "[t]hat the employer, prior to the injury, had *actual knowledge* of the existence of the specific unsafe working condition," in the place of "[t]hat the employer had a *subjective realization and appreciation* of the existence of the specific unsafe working condition." This change made no practical difference in interpreting the statute, however, because in Blevins the West Virginia Supreme Court of Appeals read the terms "subjective realization" and "appreciation" to require a showing of "actual knowledge."

Skaggs v. Kroger Co., 788 F. Supp. 2d 501, 507 n.6 (S.D.W. Va. 2011) (quoting Blevins v. Beckley Magnetite, Inc., 408 S.E.2d 385, 385 (W. Va. 1991). Therefore, although the plaintiffs' use of outdated statutory language may be a scrivener's error, it is not a fatal one.

The second amended complaint alleges that "[t]he defendant designed and manufactured the machine and implemented the operating procedures, resulting in the subjective knowledge" of unsafe working conditions. 2d Am. Compl. ¶ 13. It also alleges that Williams "told his supervisor that he did not feel he was ready to operate the machine after the brief period of training, which consisted of observing another employee operate the machine." Id. ¶ 14.

Other district courts in West Virginia that have analyzed similar factual allegations have concluded that they constitute a sufficient claim of "actual knowledge." In Kirkhart v. PPG

**WILLIAMS v. SCHAUENBURG** 1:11CV60

**MEMORANDUM OPINION AND ORDER**

Industries, Inc., for example, the court held that a plaintiff had alleged "actual knowledge" where the complaint stated only that a defendant modified a piece of machinery in a way that resulted in injury. No. 5:06CV21, 2006 WL 3692643, at *5 (N.D.W. Va. Dec. 12, 2006) (Stamp, J.). Because the defendant had made the modifications itself, Judge Stamp concluded that "it cannot be said to a certainty that [the defendant] had no actual knowledge of any potential danger . . . ." Id. Furthermore, in Skaggs, Judge Copenhaver found that an employer's knowledge of an employee's lack of adequate training on a piece of equipment constituted "actual knowledge" of an unsafe working condition. 788 F. Supp. 2d at 508.

Here, like the plaintiff in Kirkhart, the plaintiffs have alleged that Schauenburg manufactured the machine and thus was aware of its allegedly unsafe design and other defects. Additionally, as did the plaintiff in Skaggs, they allege that Williams told his supervisor he felt his brief training was inadequate to operate the machine. From a pleading perspective, both of these allegations satisfy the "actual knowledge" requirement of § 2(d)(2)(ii)(B), alleging as they do that Schauenburg not only reasonably should have known, but actually did know, of an unsafe working condition. See Munmaw, 511 S.E.2d at 123. Accordingly, the Court concludes that the plaintiffs have

**WILLIAMS v. SCHAUENBURG** 1:11CV60

**MEMORANDUM OPINION AND ORDER**

adequately pled the five elements of W. Va. Code § 23-4-2(d)(2)(ii), and that their complaint properly states a "deliberate intention" claim under the Act.

Schauenburg's remaining arguments regarding the products liability and loss of consortium claims are contingent on a finding that the plaintiffs had failed to state a claim under W. Va. Code § 23-4-22(d)(2). Because the Court finds that the plaintiffs have stated such a claim, it **DENIES** the defendant's motion to dismiss in its entirety.

In conclusion, for the reasons discussed, the Court **GRANTS** the plaintiffs' motion to amend their complaint (dkt. no. 17)**, DENIES AS MOOT** the defendant's motions to dismiss the complaint (dkt. no. 4) and the amended complaint (dkt. no. 10), and **DENIES** the defendant's motion to dismiss the second amended complaint (dkt. no. 29)**.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: December 23, 2011

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE